**FILED**
Jan 22, 2013
JAN 22 2013
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOS
EASTERN DIVISION

| | |
|---|---|
| Gary Lee Dunlap,<br><br>Plaintiff,<br><br>v.<br><br>Nationstar Mortgage, LLC, et al,<br><br>Defendants. | C 13cv496<br>J Judge Edmond E. Chang<br>Magistrate Jeffrey T. Gilbert<br>Magistrate Judge: |

**COMPLAINT**

**TO THE HONORABLE JUDGES OF THE COURT:**

Comes now plaintiff, Gary Lee Dunlap, and files this Complaint against defendants, Nationstar Mortgage, LLC, et al, on the grounds as follows:

**I. NATURE OF ACTION**

1. This is a civil suit for damages caused by defendants having violated 815 ILCS 5 (Illinois Securities Law of 1953); 735 ILCS 5 (Illinois Civil Procedure Act); 765 ILCS 5 (Illinois Conveyances Act); 15 U.S.C. 1692 *et seq.* (Fair Debt Collection Practices Act); 15 U.S.C. 1641 (Truth in Lending Act) and 12 U.S.C. 2601 *et seq.* (Real Estate Settlement Procedures Act).

**II. PARTIES**

2. Plaintiff is an Illinois household consumer according to 15 U.S.C. 1692a.

3. Defendants, as best plaintiff can determine at this time, are incorporated under the laws of Delaware as a Delaware limited liability company and registered with the Illinois Secretary of State's Office as Nationstar Mortgage, LLC, with their principal office stated as being located at 350 Highland Drive, Lewisville, Texas.

**III. JURISDICTION AND VENUE**

4. The jurisdiction of this Court is conferred by 15 U.S.C. 77v.

5. Venue is proper under 735 ILCS 5/2-102.

## IV. DISCUSSION

6. Plaintiff bought a condominium in October of 2005, the location of which is commonly referred to as the mailing address of 4780 Calvert Drive, Unit D2, Rolling Meadows, Illinois (the Condo) and subsequently refinanced the Condo on or about ?/?12.

7. On 7/18/12 defendants filed a complaint in a civil suit (County suit) with the Clerk of Circuit Court's Office for the Circuit Court of Cook County (the Court) located at 50 West Washington Street, Chicago, Illinois against plaintiff to foreclose a mortgage and note which defendants state in their complaint to be holders of.

8. Based upon information plaintiff has obtained from the records of the Cook County Recorder (Recorder), plaintiff believes, and thereby contends, that defendants failed to record an assignment of the mortgage on the Condo prior to initiating their County suit, said assignment not being recorded until 8/15/12.

9. Also, based upon information plaintiff has obtained at this time, plaintiff believes, and thereby contends, that defendants neither now have an interest in the Condo nor are current holders of a mortgage and note connected thereto as they state in their complaint because defendants, as plaintiff believes said information indicates, have either already been paid through the process of securitization, a process primarily governed by the rules of 15 U.S.C. 77a *et seq.*, or have been misled or otherwise deceived through other participants in such process; and plaintiff further believes and contends a detailed breakdown of such process, and the trail of discoverable evidence entailed therein, can be used to show, and intends to prove upon trial by jury, that the statements defendants made in their complaint are false and misleading.

10. Plaintiff also believes and contends based upon information obtained to date that if defendants are not the true holders of said mortgage and note, then at a minimum defendants would

have to be bringing the County suit against plaintiff as servicers and therefore defendants failed to notify plaintiff of a transfer of servicing any mortgage and note covering the purchase of plaintiff's real property as such notice is required of defendants under 12 U.S.C. 2605(c).

### V. FACTUAL ALLEGATIONS

11. Plaintiff hereby references and incorporates ¶¶ 1 – 10 as though fully set forth here.

12. Defendants are debt collectors according to 15 U.S.C. 1692A(6).

13. The mortgage and note of which defendants claim to be holders are securities upon which defendants are attempting to collect.

14. Defendants caused a complaint to be both made and filed against plaintiff in initiation of their County suit on 7/18/12.

15. Defendants caused a copy of their complaint to be mailed to plaintiff.

16. At the time of the filing of their complaint in their County suit defendants professed in said complaint to be the holders of a mortgage and note appertaining to plaintiff's Condo.

17. Defendants' County suit complaint professed to have an "Exhibit A" attached, which was claimed to be a "true copy of the Mortgage".

18. Defendants' County suit complaint professed to have an "Exhibit B" attached, which was claimed to be a "true copy of the Note".

19. Defendants caused an assignment of mortgage regarding plaintiff's property to be recorded with the Cook County Recorder of Deeds on 8/15/12.

20. Defendants' County suit complaint also states that plaintiff owes defendants $159,350.18.

### VI. CAUSES OF ACTION

**A. Failure to notice according to 12 U.S.C. 2605(c).**

21. Plaintiff hereby references and incorporates ¶¶ 1 – 20 as though fully set forth here.

22. Whereas 12 U.S.C. 2605(c) provides that -

"Each transferee servicer to whom the servicing of any federally related mortgage loan is

assigned, sold, or transferred shall notify the borrower of any such assignment, sale, or transfer"; and,

23. Whereas defendants, whether previously or presently designating themselves in their corporate name as either assignees, servicers or transferees, failed to provide proper notice to plaintiff and both were and, as a matter of law, continue to be in violation of that provision of the statute; and,

24. Whereas 12 U.S.C. 2605(f) provides, in pertinent part, that -

> "Whoever fails to comply with any provision of this section shall be liable to the borrower for each such failure in the following amounts: ... In the case of any action by an individual, an amount equal to the sum of... any actual damages to the borrower as a result of the failure; and ... any additional damages, as the court may allow, in the case of a pattern or practice of noncompliance with the requirements of this section, in an amount not to exceed $1,000."

25. Wherefore plaintiff is entitled to actual damages plus $1,000; and,

**B. Failure to notice according to 15 U.S.C. 1641(g)(A), (B), (C), (D), and (E).**

26. Plaintiff hereby references and incorporates ¶¶ 1 – 25 as though fully set forth here.

27. Whereas 15 U.S.C. 1641(g)(A) – (E) requires defendants to inform plaintiff of -

> "(A) the identity, address, telephone number of the new creditor;
> (B) the date of transfer;
> (C) how to reach an agent or party having authority to act on behalf of the new creditor;
> (D) the location of the place where transfer of ownership of the debt is recorded;
> (E) any other relevant information regarding the new creditor."; and,

28. Whereas defendants failed to so inform plaintiff and 15 U.S.C. 1640 provides, in pertinent part, that -

> "Except as otherwise provided in this section, any creditor who fails to comply with any requirement imposed under this part, including any requirement under section 1635 of this title, subsection (f) or (g) of section 1641 of this title, or part D or E of this subchapter with respect to any person is liable to such person in an amount equal to the sum of -
> (1) any actual damage sustained by such person as a result of the failure;
> (2)(A)(i) in the case of an individual action twice the amount of any finance charge in connection with the transaction... or...
> (iv) in the case of an individual action relating to a credit transaction not under an open end credit plan that is secured by real property or a dwelling, not less than $400 or greater than $4,000...", and,

29. Whereas the aforesaid exception provides -

> "(g) Recovery for multiple failures to disclose
> The multiple failure to disclose to any person any information required under this part... in

> connection with a single account under an... extension of consumer credit, shall entitle the person to a single recovery under this section ..."

30. Wherefore plaintiff is entitled to actual damages plus double the finance charges or $400 – $4,000; and,

**C. False statements; false representations; violations according to 735 ILCS 5/1-109; 815 ILCS 5/12H and 15 U.S.C. 1692E(2), (8), (10) and (11).**

31. Plaintiff hereby references and incorporates ¶¶ 1 – 30 as though fully set forth here.

32. Whereas defendants caused a complaint to be made in their corporate name, Nationstar Mortgage, LLC and caused their attorney to sign the complaint in said corporate name and then file said complaint with the aforesaid county Court and thereafter served a copy of the summons and complaint upon plaintiff; and,

33. Whereas defendants claim in said complaint to have attached an "Exhibit A", which was said to be a copy of "the Mortgage" and an "Exhibit B", which was said to be a copy of "the Note", yet the copies of the paperwork plaintiff received from Defendants attorney had the note marked as "Exhibit A" and the mortgage marked as "Exhibit A1"; and,

34. Whereas 735 ILCS 1-109 states, in relevant part, that -

> "Any person who makes a false statement, material to the issue or point in question, which he does not believe to be true, in any pleading, affidavit or other document certified by such person in accordance with this Section shall be guilty of a Class 3 felony."; and,

35. Whereas defendants caused a complaint to be filed against plaintiff initiating their County suit on 7/18/12 and thereafter caused an assignment of mortgage to be recorded with the aforesaid Recorder in their corporate name on 8/15/12; and,

36. Whereas 5 ILCS 70/1.31 provides that -

> "If any provision of an Act enacted after the effective date of this amendatory Act or application thereof to any person or circumstance is held invalid, such invalidity does not affect other provisions or applications of the Act which can be given effect without the invalid application or provision, and to this end the provisions of each Act enacted after the effective date of this amendatory Act are severable, unless otherwise provided by the Act."; and,

37. Whereas there are a number of severable, and therefore rebuttable, constructive premises enumerated in subsection (c) of 735 ILCS 15-1504 applicable to the sufficiency of a complaint for foreclosure, particularly 735 ILCS 15-1504(c)(4), which states -

> "that the mortgage (or in this case the assignment) was recorded in the county in which the mortgaged real estate is located, on the date indicated, in the book and page or as the document number indicated;" and,

38. Whereas 765 ILCS 5/28 requires that -

> "Deeds, mortgages, powers of attorney, **and other instruments relating to or affecting the title to real estate** in this state, **shall be recorded** in the county in which such real estate is situated:"; and,

39. Whereas 765 ILCS 5/30 provides -

> "**All deeds, mortgages and other instruments of writing** which are authorized to be recorded, **shall take effect and be in force from and after the time of filing the same for record, <u>and not before</u>,** as to all creditors and subsequent purchasers, without notice; **and all such** deeds and **title papers shall be adjudged void** as to all such creditors and subsequent purchasers, without notice, **until the same shall be filed** for record."; and,

40. Whereas 815 ILCS 5/12H prohibits anyone -

> "To sign... any... paper... pertaining to any security knowing or having reasonable grounds to know any material representation therein contained to be false or untrue."; and,

41. Whereas 815 ILCS 5/12G(1), in pertinent part, provides -

> "Whenever any person has engaged or is about to engage in any act or practice constituting a violation of this Act, any party in interest may bring an action... to enjoin that person from continuing or doing any act in violation of or to enforce compliance with this Act. Upon a proper showing, the court shall grant a permanent or preliminary injunction or temporary restraining order or rescission of any sales or purchases of securities determined to be unlawful under this Act, and may assess costs of the proceedings against the defendant."; and,

42. Whereas 815 ILCS 5/14F provides -

> "If any person referred to in this Section is not a natural person, it may upon conviction of a first offense be fined up to $25,000, and if convicted of a second and subsequent offense, may be fined up to $50,000, in addition to any other sentence authorized by law."; and,

43. Whereas 815 ILCS 5/14C provides, in pertinent part that -

> "No prosecution for violation of any provision of this Act shall bar or be barred by any prosecution for the violation of any other provision of this Act or of any other statute..."; and,

44. Whereas defendants are debt collectors under the Fair Debt Collection Practices Act and 15 U.S.C. 1692e both provides and prohibits, in relevant part -

> "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> (2) The false representation of – the... legal status of any debt
> (8) Communicating... to any person credit information which is known or which should be known to be false
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt
> (11) The failure to disclose in,,, written communication,,, that the communication is from a debt collector "; and,

45. Whereas each of the subsections enumerated above constitute a separate violation and as of the present, to the best of plaintiff's knowledge, defendants violated each of subsections (2), (8) and (10) at least twice and, in strict regard to plaintiff, subsection (11) at least once; and,

46. Whereas 815 ILCS 505/2 relatively states -

> "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact... in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby."; and,

47. Whereas 815 ILCS 505/2F states -

> "Any person who is held in any civil or criminal proceeding to have wilfully and materially violated any Illinois statutory provision regulating the extension of credit to borrowers or designed to protect the consumer purchasing merchandise in a credit, as contrasted from a cash, transaction is guilty of an unlawful practice within the meaning of this Act. Nothing in this Section prohibits the prosecution of a person under the statute violated as well as under this Act."; and,

48. Wherefore plaintiff is entitled to seek against defendants in their corporate name $25,000 for a first offense related to a security under 1692e, being the singular violation against plaintiff; $50,000 for any subsequent such offense under 15 U.S.C. 1692e, being at least six; $25,000 for said first offense related to a security under 815 ILCS 505/2F; $50,000 for any subsequent such offense under 815 ILCS 505/2F; costs of the suit and injunction according to 815 ILCS 5/14F; and,

49. Whereas 815 ILCS 5/14F specifies such relief as against an entity that is "not a natural

person" it's axiomatic such relief is afforded as against natural persons jointly and severally; and,

50. Whereas the evidence presently available to plaintiff indicates there are at least three individuals potentially liable under the same rule; and,

51. Wherefore plaintiff is entitled to a sum of relief so applicable; and,

52. Whereas said rule, albeit as yet equated, fixes to the relief propounded in ¶¶ 25 and 30; and,

53. Wherefore plaintiff is entitled to sums so equally fixed; and,

54. WHEREAS plaintiff contends, in reasonable contemplation of the light cast upon the tenor of defendants' conduct by the evidence; and whereupon rests a reasonable expectation that the application of the law as herein presented was drawn to address, that defendants in doing the acts alleged in ¶¶ 14 – 20 as so illuminated have warranted such expedients:

## VIII. RELIEF

WHEREFORE, UPON THESE PREMISES, plaintiff requests judgment over and against defendants for not less than four hundred seventy-eight thousand and fifty-one dollars ($478,051.00); all allowable interest accruing thereupon; costs of suit; attorney's fees (if any); and all manner of further relief to which he shall henceforth show himself entitled in this suit.

## VII. DEMAND FOR JURY TRIAL

24. Trial by jury is hereby demanded for all matters herein plead and relevant thereto.

Respectfully submitted this 14th day of January, 2013

_____

Gary Lee Dunlap
4780 Calvert Drive, Unit D2
Rolling Meadows, Illinois 60008
630-333-7869